## LAMB v OAKWOOD HOSPITAL CORPORATION

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION.

   The Court of Appeals will not review possible errors in jury instructions raised for the first time on appeal.

2. ACTION—CROSS-CLAIM—COURT RULES.

   The purpose of the court rule allowing cross-claims against co-parties is to allow all claims between parties arising out of a single transaction to be tried at the same time (GCR 1963, 203.3).

3. ACTION—PLEADING—CROSS-CLAIM—PREJUDICE.

   Denial of plaintiffs' motion for dismissal of defendant hospital's cross-claim against defendant nurse was not an abuse of discretion where the hospital had received court permission to file its cross-claim almost two years prior to trial and plaintiffs did not contend that the cross-claim was prejudicial to them until after all the proofs had been entered at trial.

4. HOSPITALS—NEGLIGENCE—MASTER AND SERVANT—INSTRUCTIONS TO JURY.

   An instruction to the jury that if they found that defendant nurse had been negligent in administering intramuscular drugs to a plaintiff, they should automatically find for defendant hospital on its cross-claim against the nurse, was not prejudicial to plaintiffs.

5. PHYSICIANS AND SURGEONS—NURSES—DRUG INJECTIONS—COMMUNITY STANDARD—EVIDENCE.

   A verdict of no cause of action in favor of defendant nurse was not against the great weight of the evidence where there was evidence from which the jury could have found that defendant nurse gave plaintiff an intramuscular injection according to

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2, 3] 61 Am Jur 2d, Pleading §§ 182–186.
[4–6] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 208 *et seq.*

accepted community standards and that plaintiff's paralysis could have occurred in the absence of negligence.

6. PHYSICIANS AND SURGEONS—NEGLIGENCE—MASTER AND SERVANT— VICARIOUS LIABILITY.

No liability is imposed upon a master if the servant is not negligent; therefore, a directed verdict for defendant doctor was not error where defendant nurse, who gave plaintiff intramuscular injections upon the doctor's instructions, was found not negligent.

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 April 6, 1972, at Detroit. (Docket No. 10772.) Decided May 31, 1972.

Complaint by F. Edgar Lamb, for himself and as guardian of Gary Lamb, and by Josephine Lamb against Oakwood Hospital Corporation, Edward M. Dundas, Jr., and J. Mercier for negligence. Verdict and judgment for defendants Oakwood Hospital and Mercier. Directed verdict for defendant Dundas. Plaintiffs appeal. Affirmed.

*Maile, Leach & Schreier,* for plaintiffs.

*Richard A. Kitch,* for defendant Oakwood Hospital.

*John C. Frakes,* for defendant Dundas.

*Richard C. Tripp,* for defendant Mercier.

Before: LEVIN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

PER CURIAM. Plaintiffs appeal a jury verdict of no cause of action as to defendant Oakwood Hospital and defendant Mercier and a directed verdict

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

as to defendant Dundas. On December 30, 1963, defendant Dundas, a physician at defendant hospital, performed a tonsillectomy and an adenoidectomy on plaintiff Gary Lamb, then six years of age. Defendant Dundas prescribed that three drugs be given to the plaintiff by means of an intramuscular injection while he was in the recovery room. The drugs were administered by defendant Mercier, a registered nurse employed by defendant hospital and assigned to the recovery room. Shortly after his release from defendant hospital, plaintiff developed a paralysis of the left leg. This action followed.

Plaintiffs first allege that the trial judge committed reversible error when he charged the jury on proximate causation and damages and referred to defendant hospital as being "non-profit". No objection to the jury charge was raised below. This Court will not review possible errors in jury instructions raised for the first time on appeal. *People v Duerson,* 35 Mich App 223 (1971).

Plaintiffs next contend that the trial judge erred when he denied plaintiffs' motion to dismiss the defendant hospital's cross-claim against defendant Mercier. Plaintiffs claim that as a result their case was prejudiced by the trial judge's instruction that if the jury found that defendant Mercier was negligent, it should automatically find for defendant hospital on its cross-claim.

Cross-claims against co-parties are allowed by GCR 1963, 203.3. The purpose of this rule is to allow all claims between parties arising out of a single transaction to be tried at the same time. *Providential Development Co v United States Steel Co,* 236 F2d 277 (CA 10, 1956). The trial judge still retains control over entry of such claims to protect the parties who brought the original action and may order separate trials if he believes them

necessary to avoid prejudice or confusion. GCR 1963, 505.2. Defendant Oakwood Hospital received permission to file its cross-claim on July 12, 1968, almost two years prior to trial. Plaintiffs did not assert that the cross-claim was prejudicial to them until after all the proofs had been entered at trial. Under the circumstances, the trial judge did not abuse his discretion in denying the motion. Further, the trial judge's instruction on cross-claims was simple and straightforward. We perceive no prejudice to plaintiffs.

Plaintiffs' third allegation of error is that the verdict was against the great weight of the evidence. We do not see the merit in this argument. There was evidence from which the jury could find that defendant Mercier gave plaintiff Gary Lamb the injection according to accepted community standards and that his paralysis could occur in the absence of negligence.

Finally, plaintiffs content that it was error to enter a directed verdict in favor of defendant Dundas. They argue that when defendant Mercier gave the injection she was acting as the servant of both the defendant hospital and defendant Dundas. We need not discuss this issue in light of the jury's finding that defendant Mercier was not negligent. There is no liability imposed on the master if the servant is not negligent. 57 CJS, Master and Servant, § 571, p 318.

Affirmed.