PEOPLE v BLALOCK

1. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION—
   CLEAR INJUSTICE.

   Objections to a prosecutor's opening statement raised for the first
   time on appeal will not be considered unless the error reflects a
   clear injustice which merits review despite the absence of a
   contemporaneous objection.

2. CRIMINAL LAW—TESTIMONY—READING TO JURY—DISCRETION.

   It is not required that the entire testimony of a witness be reread
   when the jurors themselves indicated which portions of the
   witness's testimony they wished to hear again, because both the
   reading and the extent of reading are matters confided to the
   discretion of the trial judge.

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 October 11, 1972, at Detroit. (Docket No. 12474.) Decided January 16, 1973.

Gerald D. Blalock was convicted of carrying a concealed weapon in a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Markus S. Simon,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 21 Am Jur 2d, Criminal Law § 339.

Before: V. J. BRENNAN, P. J., and LEVIN and O'HARA,* JJ.

V. J. BRENNAN, P. J. Defendant was convicted by a jury in the Wayne County Circuit Court of carrying a concealed weapon in a motor vehicle (MCLA 750.227; MSA 28.424).

Defendant's first argument is that the evidence was insufficient to sustain a finding that he carried a dangerous weapon. The record reveals sufficient evidence from which the jury could reasonably determine that defendant had knowledge that a pistol was present and he participated in carrying it. *People v Moceri,* 294 Mich 483 (1940); *People v Cunningham,* 20 Mich App 699 (1969).

Defendant's second contention is that the prosecutor's opening statement incorrectly apprised the jury of the applicable law. A reading of the entire opening statement, rather than portions thereof, reveals that this was not in fact the case. Furthermore, no objection on this ground was made by defense counsel. We are of the opinion, having read the record, that the defendant's allegations of error in this regard do not reflect a clear injustice which merits review despite the absence of a contemporaneous objection. *People v Wesley Brown,* 35 Mich App 153 (1971).

Defendant's final allegation of error concerns the rereading of portions of the testimony of one witness to the jury. The jurors themselves indicated which portions of the witness's testimony they wished to hear again; defense counsel made no objection once a poll of the jury revealed that they desired no further reading of testimony. It is a general rule of long standing that the entire testimony of a witness need not be read back to

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the jury, and that both the reading and the extent of reading are matters confided to the sound discretion of the trial judge. *People v Gregory Turner,* 37 Mich App 162 (1971). There was no abuse of such discretion in this case.

Affirmed.

All concurred.