PEOPLE v BURKS

1. CRIMINAL LAW—TRIAL—STRATEGY.

Lack of success of trial strategy does not entitle a defendant to a new trial where police officers claimed that no picture of defendant was in mug books which were admitted into evidence, the jury announced it had discovered a picture of defendant in one of the mug books, and defendant's counsel made no objection to the trial judge's ruling that he would not reopen the case and made no motion for a mistrial nor give any other indication of dissatisfaction with the state of the case.

2. CRIMINAL LAW—TESTIMONY—READING TO JURY—DISCRETION.

The entire testimony of a witness need not be read back to the jury when a jury makes a request for a reading of a witness's testimony; both the reading and extent of the reading are a matter confined to the sound discretion of the trial judge.

3. CRIMINAL LAW—TESTIMONY—READING TO JURY—DISCRETION.

There was no abuse of discretion where the trial judge refused to read back testimony of a witness who exonerated defendant, as requested by the jury, and instead, clarified the testimony to the jury from his own recollection.

4. ROBBERY—INSTRUCTIONS TO JURY—PRIOR KNOWLEDGE.

Failure to instruct the jury relative to the legal significance of defendant's prior knowledge of the crime charged, armed robbery, was not error where the instructions were limited to defendant's actual participation and where no argument was presented nor instruction made that would allow the jury to convict the defendant on a theory of aiding and abetting or conspiracy.

Appeal from Muskegon, John H. Piercey, J.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial § 29 *et seq.*
[2, 3] 53 Am Jur, Trial §§ 30, 939.
[4] 67 Am Jur 2d, Robbery §§ 68–73.

Submitted Division 3 June 6, 1973, at Grand Rapids. (Docket No. 14525.) Decided July 24, 1973.

C. J. Burks was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard Pasarela,* Prosecuting Attorney, and *Gerald D. Warner,* Assistant Prosecuting Attorney, for the people.

*Fredric F. Balgooyen,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and O'HARA,* JJ.

R. B. BURNS, P. J. Defendant was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, and appeals.

At trial, several eyewitnesses identified defendant as one of the perpetrators of the crime. Another eyewitness was positive that defendant was not one of the robbers. A police officer testified that defendant admitted prior knowledge of the robbery, but denied his participation in the robbery.

· Defendant raises three claims of error.

The first relates to the fact that three mug books were admitted into evidence. These mug books were the same ones, with additions and deletions in the interim, examined by the victims of the robbery on the night of the crime at police headquarters. While several of the eyewitnesses picked out two photographs from the mug books as being those of the robbers, it was the claim of police officers who testified for the prosecution that

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

no picture of defendant was in the mug books at the time. No objection was raised to the admission of the mug books into evidence, and presumably defendant or defense counsel had an opportunity to examine the books before their admission. After deliberating for about 1-1/2 hours, the jury returned and announced that it had discovered a picture of the defendant in the mug book dated 1966. After a bench conference, the judge ruled that he would not reopen the case. Defendant now contends that this was error.

At the time defendant's photograph was discovered in the exhibits, defense counsel was fully apprised of the situation. In fact, the record shows that it was the prosecutor who desired to reopen the case for additional arguments. Defense counsel made no objection to the trial judge's ruling, nor a motion for a mistrial or other indication of dissatisfaction with the state of the case. In the circumstances of the case at bar, it seems that defense counsel's failure to object or move for a mistrial was a strategic choice, made on the theory that the evidence was damaging to the prosecution to a greater extent than to defendant, and that it would therefore be advantageous to his client not to permit the prosecutor to explain the presence of the photograph. Lack of success of this strategy does not entitle defendant to a new trial. *People v Turner,* 31 Mich App 44; 187 NW2d 241 (1971).

Defendant next contends it was error for the trial judge to refuse to read back, at the jury's request, testimony of a witness who exonerated defendant. Instead, the trial judge clarified the testimony from his own recollection to the jury. At the time, defense counsel indicated that his recollection of the testimony was in accord with that of the trial judge, while again it was the prosecutor

who claimed the testimony was otherwise. However, a review of the record discloses that the trial judge correctly described the testimony to the jury, and that this testimony was favorable to the defendant. It is a general rule of long standing that the entire testimony of a witness need not be read back to the jury, both the reading and extent of the reading being a matter confined to the sound discretion of the trial judge. *People v Gregory Turner,* 37 Mich App 162; 194 NW2d 496 (1971); *People v Blalock,* 44 Mich App 336; 205 NW2d 185 (1973). There was no abuse of such discretion in this case.

Finally, defendant claims that it was error for the trial judge to fail to instruct the jury relative to the legal significance of defendant's prior knowledge of the crime charged. Our review of the trial judge's instructions to the jury shows that the jury's consideration of the charge was limited to defendant's actual participation. No argument was presented nor instruction made that would allow the jury to convict the defendant on a theory of aider and abettor or conspiracy. It was not necessary for the trial judge, absent a request or objection, to fail to explicitly remove from the jury's consideration what he had already implicitly eliminated. *People v Bahlhorn,* 298 Mich 545, 551; 299 NW 709, 711 (1941).

Affirmed.

All concurred.