*In re* DUFF                    °

141   623
f147   478

CRIMINAL LAW — INDETERMINATE SENTENCES — FIXING MAXIMUM
SENTENCE—EFFECT.
    Under the indeterminate sentence law of 1903 (Act No. 136),
the fixing by the court of a maximum period of imprisonment
on conviction of a crime for which a maximum is provided by
law is a mere nullity, and the prisoner stands sentenced by
virtue of the statute to the full maximum term provided by
the statute denouncing the crime. MONTGOMERY and MC-
ALVAY, JJ., dissenting.

Habeas corpus proceedings by Harry Duff to obtain his
release from imprisonment in the Detroit house of correc-
tion. Submitted June 20, 1905. (Calendar No. 21,164.)
Petitioner remanded November 7, 1905.

*John W. McGrath* and *P. J. M. Hally,* for petitioner.

*John E. Bird,* Attorney General ( *George S. Law,* of
counsel), for respondent superintendent.

BLAIR, J. Petitioner was convicted in the recorder's
court of the city of Detroit of the crime of larceny of prop-
erty exceeding the value of $25, and upon the 9th day of
May, 1904, was sentenced to the Detroit house of correc-
tion for the period of not less than 6 months and not more
than 15 months. The crime was committed upon the 26th
day of March, 1904, which was subsequent to the time the
indeterminate sentence law (Act No. 136, Pub. Acts 1903)
became operative; and the sentence was imposed under
that law. The commitment, under which petitioner was
placed in the custody of the superintendent of the Detroit
house of correction, recites the judgment of the court as
follows:

" And upon the said conviction the said court, at a ses-
sion thereof held as aforesaid, did on the 9th day of May,

A. D. 1904, adjudge and determine that the said Harry Duff should be committed to the Detroit house of correction, and therein safely kept and employed, according to the laws thereof, for the period of not less than six months and not more than fifteen months from and including this date."

Petitioner now contends that with the good time he has earned while in prison, and with which he has been credited, the maximum term of imprisonment fixed by the court expired May 23, 1905, at which time he should have been released; that, not having been released by the superintendent at that time, he is entitled to his release in this proceeding, for the reason that the superintendent of the Detroit house of correction has no authority to detain him for a longer period than the maximum term stated in the commitment.

It was held by this court (*In re Campbell,* 138 Mich. 597) that the trial court had no authority, on a conviction for larceny under the indeterminate sentence act, to fix a maximum term of imprisonment, but that the statute must be referred to for the determination of such maximum term. In the case at bar, the trial judge did fix the minimum term of imprisonment, and, striking out the provision for a maximum term, the sentence was a lawful sentence. The fixing of a maximum term of imprisonment was unauthorized and void. It was mere surplusage, as much so as though the sentence had provided what clothes the convict should wear, what food he should eat, or when he should be paroled. Rejecting the unauthorized and illegal surplusage, all of the elements of a strictly legal sentence remain. It is no more necessary to look beyond the sentence to determine its full extent and scope than in the *Campbell Case,* supra. In that case the sentence was to confinement in the Detroit house of correction for a period " not less than one year," fixing no maximum term. It is necessary in all such cases to refer to the statute to determine the maximum term, since that

is fixed by the statute and need not be referred to in the sentence at all. The sentence need only be consulted for the determination of the minimum term. A sentence under the indeterminate sentence law is to be interpreted in the light of the statutes upon which it is based, and the maximum punishment fixed by law should be read into and considered a part of the sentence and mittimus. *People, ex rel. Bradley,* v. *Illinios State Reformatory,* 148 Ill. 413 (23 L. R. A. 139); *Miller* v. *State,* 149 Ind. 607, 618 (40 L. R. A. 109). The unauthorized fixing of the maximum term in the sentence was without force or effect, and conferred no rights upon petitioner.

The petition is dismissed, and the prisoner remanded.

MOORE, C. J., and GRANT, OSTRANDER, and HOOKER, JJ., concurred with BLAIR, J.

MONTGOMERY, J. (*dissenting*). In my opinion it should not be held that the actual sentence and commitment of the petitioner may be either amended or ignored by the prison authorities. We held in the *Case of Campbell,* 138 Mich. 597, that the statute providing for indeterminate sentence does not contemplate that the circuit court shall fix a maximum, except in cases where the statute creating or defining the offense provides for punishment " for life or any term of years." It follows from this holding that the sentence in this case was erroneous. Does it follow that the State may attack such sentence collaterally and treat it as in effect and in law a wholly indeterminate sentence? I readily assent that the sentence is good up to the date of the expiration of the maximum fixed, but this by no means implies that an administrative officer can review the action of a court and set at naught a judgment solemnly pronounced. The indeterminate sentence act (Act No. 136, Pub. Acts 1903) contemplates that a sentence shall be pronounced by the court. It would not be contended that the prison authorities could, in the absence of any sentence, seize the con-

victed criminal and detain him for the period for which he might have been and should have been sentenced. Such a proceeding would fall far short of "due process of law." If this be granted, I fail to see how it can be asserted that the administrative officer may ignore the actual sentence pronounced, and substitute another, which in his opinion (in this particular case in fact) ought to have been imposed.

The prisoner should be discharged.

MCALVAY, J., concurred with MONTGOMERY, J.