*In re* EVANS.

CRIMINAL LAW—MAXIMUM SENTENCE — INDETERMINATE SENTENCE LAW.

Under the amendment of the indeterminate sentence law enacted in 1905 (Act No. 184), directing the court imposing sentence to state the maximum penalty, no discretion to name a shorter period than the statute fixes vests in the circuit judge, whose duty is purely ministerial, so that a respondent convicted of burglary, for which the statutory maximum is 15 years, was not entitled to be released at the end of five years, the maximum erroneously stated by the order of the court which also named three years as a reasonable time.

Petition by Charles Evans for the writ of habeas corpus to secure the release of petitioner from imprisonment in State prison at Jackson. Submitted October 8, 1912. (Calendar No. 25,375.) Writ denied November 8, 1912.

*Burney E. Brower* and *Reuben H. Rossman*, for petitioner.

*Thos. A. Lawler*, Deputy Attorney General, and *Edward Waer*, Assistant Attorney General, for the people.

BIRD, J. The petitioner, Charles Evans, raises the question as to whether he is legally detained in Jackson prison by a petition for a writ of habeas corpus.

The petitioner was convicted of the crime of burglary in the Berrien circuit court, and on the 1st day of May, 1907, received the following sentence:

"The said Charles Evans to be confined in the State prison at Jackson, at hard labor, for the maximum period of five years and for the minimum period of two years, and the court recommends three years as a reasonable maximum sentence."

The maximum period fixed by the trial court having expired, the petitioner contends that he is now entitled to be discharged. The warden refuses to release him, and bases his refusal upon the fact that the statute (section 11546, 3 Comp. Laws, 5 How. Stat. [2d Ed.] § 14592) under which petitioner was sentenced provides a maximum penalty of 15 years, and that the statute should control, rather than the 5-year period fixed by the trial court.

It is argued by the attorney general, in defense of the warden's position, that the fixing of a 5-year maximum period by the trial court was without warrant of law, for the reason that the indeterminate sentence law confers no authority on the trial court to fix any other or different maximum period than the one fixed by the statute, under which the sentence was pronounced. The indeterminate sentence law provides:

"The maximum penalty provided by law shall be the maximum sentence in all cases except as herein provided and shall be stated by the judge in passing sentence." Act No. 184, Pub. Acts 1905.

It will be observed from a reading of this provision that the legislature conferred no authority on the trial court to

fix the maximum period. The legislature itself pointed out what the maximum period should be, and directed the trial court to "state it in passing sentence." The duty imposed on the trial court was not one in which he had any discretion, but was simply a plain ministerial duty. This being so, it would follow that the maximum period of 5 years, fixed by the trial court, is a nullity, and should be rejected as surplusage, and the remainder of the sentence read in connection with the statute, which fixes the maximum period at 15 years. *In re Duff*, 141 Mich. 623 (105 N. W. 138).

But it is argued that the trial court did fix the maximum penalty at 5 years, that the sentence has never been corrected, and the petitioner has treated it as valid and served out the period, and now ought to be discharged. We do not so view it. As soon as sentence was pronounced upon the petitioner, the statutory maximum penalty became a part of it. It was a legislative fixing, with no power in the trial court to make it more or less, and the fact that he did make it less, either through inadvertence or misapprehension, could no more alter the statutory period than as though he had named a longer period than 15 years. This precise question was discussed and decided in *Re Duff, supra;* but it is contended by the petitioner that that case is no longer controlling, because the indeterminate sentence law has since been amended. The provision of the 1905 law is the same as the law of 1903 (Act No. 136, Pub. Acts 1903), except that in the 1905 law the trial court was directed to state the statutory maximum penalty in passing sentence. Neither law gives the trial court any discretion in fixing the maximum period, where it is fixed by the statute. This amendment to the law would not destroy the applicability of the case to the present one.

The petition is denied, and the prisoner remanded.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.