[No. 2065]

## In the Matter of the Application of TRIFKE MELOSEVICH for a Writ of Habeas Corpus.

1. CRIMINAL LAW — INDETERMINATE SENTENCE — LENGTH OF SENTENCE.

Rev. Laws, 7260, provides that, when a person is convicted of any felony for which no fixed period of confinement is imposed by law, the court shall direct such person to be confined in the state prison for a term of not less than the minimum nor greater than the maximum term of imprisonment prescribed by law; section 7261 provides that the board of pardons may at any time after the expiration of the minimum term of imprisonment direct that such prisoner shall be released by parole; while section 6638 provides that any person convicted of grand larceny shall be punished by imprisonment in the penitentiary for a term not less than one nor more than fourteen years. *Held*, that under the first-mentioned statute, the court, upon conviction, could only impose an indeterminate sentence from one to fourteen years and could not fix a greater or lesser minimum than that provided by the statute, for the board of pardons may parole the prisoner at any time after the expiration of the minimum sentence.

2. PARDON—POWER OF BOARD OF PARDONS.

The right to apply to the board of pardons and its power to act exist independent of statute.

3. CRIMINAL LAW—INDETERMINATE SENTENCE—VALIDITY.

An indeterminate sentence whereby the trial court imposed a greater minimum than that fixed by statute is not void on collateral attack, for a prisoner is not entitled to his discharge as a matter of right until the expiration of the maximum term, and, even though he is subject, under the statute, to be paroled at the expiration of the minimum term, a prisoner may at the expiration of the minimum fixed by statute

apply to the board of pardons, whose power to pardon exists independent of the indeterminate sentence law.

4. CRIMINAL LAW—INDETERMINATE SENTENCE—JUDGMENT.

The statute fixing the minimum and maximum sentence, under the indeterminate sentence law, will be read into the judgment.

ORIGINAL APPLICATION of Trifke Melosevich for a writ of *habeas corpus*. **Writ denied.**

The facts sufficiently appear in the opinion.

*H. Pilkington,* for Petitioner:

Upon the legislature alone is conferred the power to fix the minimum and maximum for the punishment of all crimes. (*People* v. *Whitney,* 105 Mich. 622; *People* v. *Smith,* 94 Mich. 644.)

Indeterminate sentence provides extreme penalty and provides mitigation, and any attempted sentence short of this is a nullity. (*State* v. *Page,* 60 Kan. 664.)

Fixing maximum penalty where fixed by law is a nullity and full maximum must be imposed. (*Ex Parte Duff,* 141 Mich. 623.)

Was not the very foundation of the indeterminate sentence that the court which merely tried the case should not, from that alone, rule the destiny of the convicted one, but that all the circumstances of conviction, conduct and future usefulness to society, or the safeguarding of society from the criminal, be construed by those to whose charge the prisoner should be committed and temporary judgment be reached by parole or final judgment after a long continuous investigation of the personal makeup of the convicted one?

*Geo. B. Thatcher,* Attorney-General, and *E. T. Patrick,* Deputy Attorney-General, for Respondent:

The said judgment is not void but, perhaps, voidable. It may have been erroneous, but, if so, such error should have been corrected by appeal. A writ of *habeas corpus* is not the proper remedy to correct such error, and, petitioner's right to appeal having expired, he is without remedy in the premises.

The prevailing rule is that a whole sentence is not void because of an excess. (*State* v. *Clock*, 48 La. Ann. 67; *In re Graham*, 74 Wis. 450; *In re Bonner*, 151 U. S. 258; *Ex Parte Tani*, 29 Nev. 385; *U. S.* v. *Pridgeon*, 153 U. S. 148.)

If the court erred in imposing the sentence fixed herein, petitioner was not injured thereby. The fixing of the minimum term was unauthorized. It was mere surplusage. (*In re Duff*, 141 Mich. 624.)

Under the indeterminate sentence law the provisions of the statute become a part of the sentence. The law fixes the term of imprisonment. (*In re Duff*, 141 Mich. 624; *People* v. *Joyce*, 246 Ill. 133; *People* v. *Nowasky*, 254 Ill. 146.)

By the Court, NORCROSS, J.:

This is an original proceeding in *habeas corpus*. The petition alleges that the applicant is unlawfully confined in the state prison because of the alleged fact that the commitment by virtue of which he is so confined is based upon a void judgment. Applicant was regularly indicted, tried, and convicted of the crime of grand larceny. Based upon the jury's verdict of guilty, on August 14, 1912, judgment was entered, upon the order of the court, "that defendant, Trifke Melosevich, be confined in the penitentiary at Carson City, Nevada, for the period of not less than two years and not to exceed three years." The commitment was in accordance with the judgment as entered.

1. The statute of this state provides that a person convicted of the crime of grand larceny "shall be punished by imprisonment in the state prison for any term not less than one year nor more than fourteen years." (Rev. Laws, 6638.)

Section 7260, Rev. Laws, provides: "Whenever any person shall be convicted of any felony for which no fixed period of confinement is imposed by law, the court shall, in addition to any fine or forfeiture which he may impose, direct that such person be confined in the state prison for a term not less than the minimum nor greater than the maximum term of imprisonment prescribed

by law for the offense of which such person shall be convicted; and where no minimum term of imprisonment is prescribed by law, the court shall fix the minimum term in his discretion at not less than one year nor more than five years; and where no maximum term of imprisonment is prescribed by law, the court shall fix such maximum term of imprisonment."

Section 7261, Rev. Laws, provides: "The board of pardons may at any time after the expiration of the minimum term of imprisonment for which such prisoner was committed thereto, direct that any prisoner confined in such institution shall be released on parole upon such terms and conditions as in their judgment they may prescribe in each case."

The sections above quoted relative to an indefinite or indeterminate sentence were incorporated into the law of this state for the first time in the revised criminal practice act passed by the legislature of 1911, which took effect January 1, 1912. Under the old statute, trial judges in all cases were required to impose a definite sentence. Some misconception appears to have existed for a time in the minds of a number of trial judges as to how sentences should be imposed under the new law. In a number of cases that have been under consideration by the board of pardons, sentences were imposed like that now in question. The court, upon imposing sentence, had assumed that it had discretion to fix a greater minimum or a less maximum sentence than the minimum and maximum sentence prescribed in the statute for the particular offense, for the commission of which judgment was imposed. This was not in accordance with the purpose designed to be accomplished by the indeterminate or, more properly speaking, the indefinite sentence law.

Under the law which had existed for centuries in English-speaking countries, and until the adoption, in recent years, of certain reforms in criminal procedure, the imposition of definite sentences resulted in great inequality in the terms imposed by different judges for similar offenses. Whether for a certain offense the court

would have imposed a sentence of one year, five, ten, or twenty years, would depend, to a considerable extent, upon the viewpoint of the individual judge who happened to have tried the case. If the judge happened to be of the opinion that severity of punishment was the best method of suppressing crime, a heavy sentence would be imposed. If it happened to fall to the lot of the offender to be tried before a judge inclined to the view that a greater degree of leniency would accomplish the desired result, a comparatively light sentence would be imposed.

One purpose of the indeterminate sentence law was to minimize the personal equation of the trial judge. Exact justice in the punishment of an offender is probably unattainable. If, however, from the light of all facts and circumstances having a bearing upon a particular case, a sentence, say of two years, would generally be accepted as a just measure of punishment to be imposed, but it appeared that, because of the view of the case peculiar to the mind of the trial judge who happened to have the say, a sentence of five or ten years is imposed, there has been a miscarriage of justice which only some pardoning power could remedy.

As said by Chief Justice Winslow, of the Supreme Court of Wisconsin, in a recent address delivered before the American Institute of Criminal Law and Criminology, of which organization he is the president: "The court should have power to impose an indeterminate sentence, leaving the question of length of term to a board acting on accurate knowledge of the criminal's history, behavior, and apparent progress toward reformation." Again he says: "Power should be vested in some responsible and discreet board in cases where reform is possible to parole prisoners under proper supervision."

These observations, in a measure, express the purpose sought to be accomplished by the legislature in the enactment of these new provisions in the criminal code of 1912.

Where, as in the crime of grand larceny, the statute fixed a minimum and a maximum sentence, the trial court had no discretion to fix a greater minimum or less maximum

sentence than that which the statute prescribed. (*Miller* v. *State*, 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109; *Terry* v. *Byers*, 161 Ind. 360, 68 N. E. 596; *In re Duff*, 141 Mich. 623, 105 N. W. 138.)

The effect of section 7260, Rev. Laws, *supra*, was to cause the commitment of every defendant, convicted of felony, to the state prison for the maximum term fixed by statute for the particular offense for which conviction was had, unless the trial court deemed it a proper case for the suspension of the sentence under the provision of Rev. Laws, 7259. (Cases cited, *supra*.)

The length of service under the sentence was left entirely in the discretion of the board of pardons. It is manifestly the purpose of this statute to leave the period of confinement to the determination of the board of pardons, from a consideration of the circumstances of the crime, the defendant's past history, his conduct within the prison, the probabilities of or for reformation, and every other fact and circumstance which might have a bearing upon a determination of a just measure of punishment. While the powers of the board of pardons, composed of the governor, the justices of the supreme court, and the attorney-general, are derived from the constitution (Const. art. 5, sec. 14; Rev. Laws, 307) and are even greater than those specifically expressed in the section of the statute quoted, *supra*, it was clearly the intention of the legislature that the board of pardons should, when in its judgment a prisoner was deserving of release from confinement, discharge him from such confinement upon parole, thus giving him a further opportunity to establish his reformation while mingling with society, subject to the power of the board, if he proved unworthy of the confidence reposed in him, to return him to prison, and upon the other hand, when he established a just claim therefor, to grant him a full pardon. The judgment entered in this case should have been that the defendant be confined in the state prison for the period of not less than one year and not to exceed fourteen years.

**2, 3.** It does not follow, however, that, because the court did not so construe the provisions of the statute, the judgment is void and may be so declared upon collateral attack.   Upon suggestion to the trial court, the judgment could have been amended to conform to the law, or upon appeal it would have been so modified.   If it could be successfully urged that the applicant here was, by reason of the judgment, deprived of his right to apply to the board of pardons for release upon parole until he had served the minimum sentence fixed therein, there might be some basis for saying that he was deprived by the judgment of a substantial right, and that the judgment for that reason might be void.   As the right to apply to the board of pardons and its power to act exists independent of statute, it cannot be said that a judgment fixing a greater minimum of imprisonment than that prescribed by law has deprived a defendant of any substantial right.   A prisoner does not have an absolute right of discharge after serving a minimum sentence.   Such right exists only when he has served the maximum term.   It is presumed, however, that the board of pardons will discharge upon parole, pardon, or commutation of sentence, whenever the justice of the case warrants.

**4.** In the case of *In re Cummins*, 138 Mich. 39, 100 N. W. 1008, the court refused to discharge on *habeas corpus* a prisoner sentenced "for the maximum and minimum period of five years," but held that the sentence was to be treated as though the petitioner had been sentenced "for the maximum period of five years and the minimum period of one year."   There was a statute of Michigan considered in the Cummins case, which specifically declared that such judgments should not be considered void, but in effect should be deemed to have been properly entered and so construed.   While the court based its decision upon the statute, it could, we think, have reached the same conclusion based upon the weight of authority which holds that, where a sentence is merely excessive, it is valid to the extent that the court had power to

impose it, and void only as to the excess. (12 Cyc. 782, and see, also, *Ex Parte Tani*, 29 Nev. 385, 91 Pac. 137, 13 L. R. A., N. S., 518.)

In the Tani case, this court, speaking through Talbot, C. J., said: "The most of the decisions, and especially those more in consonance with reason and justice, are averse to the discharge of criminals who have been duly convicted when the application for their release is by petition for *habeas corpus* based upon some error, omission, or mistake in the sentence which might have been cured or corrected by writ of error or appeal."

In *Re Duff*, 141 Mich. 623, 105 N. W. 138, a judgment was attacked upon *habeas corpus* where a less maximum was fixed than that prescribed by law. The court said: "It was held by this court (*In re Campbell*, 138 Mich. 597, 101 N. W. 826) that the trial court had no authority, on a conviction for larceny under the indeterminate sentence act, to fix a maximum term of imprisonment, but that the statute must be referred to for the determination of such maximum term. In the case at bar the trial judge did fix the minimum term of imprisonment, and, striking out the provision for a maximum term, the sentence was a lawful sentence. The fixing of a maximum term of imprisonment was unauthorized and void. It was mere surplusage, as much so as though the sentence had provided what clothes the convict should wear, what food he should eat, or when he should be paroled. Rejecting the unauthorized and illegal surplusage, all of the elements of a strictly legal sentence remain. It is no more necessary to look beyond the sentence to determine its full extent and scope than in the Campbell case, *supra*. In that case the sentence was to confinement in the Detroit house of correction for a period 'not less than one year,' fixing no maximum term. It is necessary in all such cases to refer to the statute to determine the maximum term, since that is fixed by the statute and need not be referred to in the sentence at all. The sentence need only be consulted for the determination of the minimum term. A sentence under the indeterminate sentence law

is to be interpreted in the light of the statute upon which it is based, and the maximum punishment fixed by law should be read into and considered a part of the sentence and mittimus. (*People, ex rel. Bradley*, v. *Illinois State Reformatory*, 138 Ill. 413, 36 N. E. 76, 23 L. R. A. 139; *Miller* v. *State*, 149 Ind. 607, 618, 49 N. E. 894, 40 L. R. A. 109.) The unauthorized fixing of the maximum term in the sentence was without force or effect and conferred no rights upon petitioner."

We see no more reason for reading the maximum sentence into a judgment or commitment than reading into them the minimum. The statute fixing a schedule of credits for the good conduct of prisoners is not taken account of usually, if ever, in entering judgment, yet it is read into the judgment. (*Ex Parte Darling*, 16 Nev. 98, 40 Am. Rep. 495; *Ex Parte Woodburn*, 32 Nev. 136.)

Reading into the judgment the provisions of the statute, relative to an indeterminate sentence, is supported by reason and authority. It does not deprive a prisoner of any right and does not entitle him to discharge upon *habeas corpus*.