## TERRITORY *v.* ALFRED ALU.

### No. 1596.

RESERVED QUESTIONS FROM CIRCUIT COURT FOURTH CIRCUIT.

HON. H. L. ROSS, JUDGE.

ARGUED MARCH 3, 1925.                    DECIDED APRIL 4, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

STATUTES—*indeterminate sentences.*

> Under section 3843, R. L. 1915, a trial court is not authorized to impose upon a defendant convicted of murder in the second degree a definite and fixed sentence of life imprisonment.

SAME.

> In imposing sentence for the crime of murder in the second degree the court is not authorized to fix a minimum sentence of more than twenty years.

OPINION OF THE COURT BY LINDSAY, J.

Defendant, upon trial under an indictment for murder in the first degree, was convicted of murder in the second degree and sentenced to be imprisoned at hard labor for life. The defendant moved to set aside the judgment and sentence on the ground that the sentence was not for an indeterminate term as required by the indeterminate sentence laws of the Territory. The trial court has not ruled on this motion but has reserved for our consideration the following questions: (1) Under section 3843, R. L. 1915, was the court authorized in its discretion to impose upon the defendant as punishment for the crime of murder in the second degree a sentence of life as a fixed, definite term of imprisonment? (2) In imposing sentence for the crime of murder in the second degree is the court authorized in its discretion to fix a minimum sentence of more than twenty years? (3) Should the motion of the defendant be sustained?

Section 3865, R. L. 1915, provides that "Whoever is guilty of murder in the second degree shall be punished by imprisonment at hard labor for life or for a term of years not less than twenty, in the discretion of the court." This Territory, however, like many of the States, has adopted what is known as the indeterminate sentence system which, together with a parole system not formerly in vogue, has radically changed the method of dealing with those convicted of criminal offenses. Under the Indeterminate Sentence Act (Act 45, S. L. 1909, as amended by Act 5, S. L. 1911) it is provided that "Whenever any person is convicted of a felony" (except in certain cases specifically enumerated) "the court in imposing sentence shall not fix the limit or duration of sentence but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term prescribed by law for the crime for which the person was convicted and sentenced; pro-

vided, that in all cases in which the maximum sentence in the discretion of the court may be life or any number of years, the court imposing the sentence shall fix the maximum sentence; provided, further, that in all cases in which no minimum sentence is prescribed by law the court imposing sentence shall fix such minimum sentence, which minimum shall not be more than five years, the release of such person to be determined as hereinafter provided." The Parole Act (Act 103, S. L. 1917), which to all intents and purposes is to be read and considered as a part of the Indeterminate Sentence Act, provides that all prisoners, except those undergoing sentences for murder in the first degree, shall be subject to parole, and that such paroles may be granted at any time after the prisoner shall have served the minimum sentence imposed by the court, with commutation allowed; "the intent, plan, and purpose of parole and commutation of any prisoner as in this Act set out and intended, shall apply and be applicable to any sentence, minimum or maximum, which may be imposed by the court." The Act provides that the board of prison inspectors may recommend the parole of prisoners who have served their minimum sentences, that paroled prisoners may be taken back into custody for infraction of the terms and conditions of the parole and compelled to serve the full term of the sentence, and that finally a full discharge may be granted to such paroled prisoners when it appears to the satisfaction of the board that the prisoner has by his actions proven worthy thereof.

The clear intent of the legislature in enacting the Indeterminate Sentence and Parole Acts was that no longer should the length of imprisonment of offenders depend on the whim or differing opinions of trial judges and that the court henceforth should not, as it had in the past, "fix the limit or duration of sentences." In other words, as quoted in State v. Miller, 147 Pac. (Kans.) 844, 845:

"Under the Indeterminate Sentence Act the law, not the court, says what the duration of punishment shall be." As this court has said in *Territory* v. *Waiamau*, 24 Haw. 247, 249 : "Where a sentence is imposed under the indeterminate sentence laws of this Territory the term of the sentence is the maximum period fixed by the court. After the prisoner has served the minimum term provided by law or imposed by the sentence of the court he may be allowed to go on parole but he is still in the legal custody and control of the prison authorities and is deemed still to be serving out the sentence imposed upon him." See *Ughbanks* v. *Armstrong*, 208 U. S. 481.

In *Ex parte Melosevich*, 133 Pac. (Nev.) 57, where a statute in Nevada provided that a person convicted of grand larceny should be punished by imprisonment for a term not less than one year nor more than fourteen, defendant was sentenced to be imprisoned for the period of not less than two years and not to exceed three years. In other words, the court fixed a maximum less than that prescribed by law for the offense of larceny. The court, in holding this sentence contrary to the Indeterminate Sentence Act, said: "Under the old statute, trial judges in all cases were required to impose a definite sentence. Some misconception appears to have existed for a time in the minds of a number of trial judges as to how sentences should be imposed under the new law. In a number of cases that have been under consideration by the board of pardons, sentences were imposed like that now in question. The court, upon imposing sentence, had assumed that it had discretion to fix a greater minimum or a less maximum sentence than the minimum and maximum sentence prescribed in the statute for the particular offense, for the commission of which judgment was imposed. This was not in accordance with the purpose designed to be accomplished by the indeterminate or, more properly speaking,

the indefinite sentence law. Under the law which had existed for centuries in English-speaking countries, and until the adoption, in recent years, of certain reforms in criminal procedure, the imposition of definite sentences resulted in great inequality in the terms imposed by different judges for similar offenses. Whether for a certain offense the court would have imposed a sentence of one year, five, ten or twenty years, would depend, to a considerable extent, upon the viewpoint of the individual judge who happened to have tried the case. If the judge happened to be of the opinion that severity of punishment was the best method of suppressing crime, a heavy sentence would be imposed. If it happened to fall to the lot of the offender to be tried before a judge inclined to the view that a greater degree of leniency would accomplish the desired result, a comparatively light sentence would be imposed. One purpose of the indeterminate sentence law was to minimize the personal equation of the trial judge. Exact justice in the punishment of an offender is probably unattainable. If, however, from the light of all facts and circumstances having a bearing upon a particular case, a sentence, say of two years, would generally be accepted as a just measure of punishment to be imposed, but it appeared that, because of the view of the case peculiar to the mind of the trial judge who happened to have the say, a sentence of five or ten years is imposed, there has been a miscarriage of justice which only some pardoning power could remedy. As said by Chief Justice Winslow, of the supreme court of Wisconsin, in a recent address delivered before the American Institute of Criminal Law and Criminology, of which organization he is the president: 'The court should have power to impose an indeterminate sentence, leaving the question of length of term to a board acting on accurate knowledge of the criminal's history, behavior, and apparent progress toward reformation.'

Again he says: 'Power should be vested in some respon-
sible and discreet board in cases where reform is possible
to parole prisoners under proper supervision.' These
observations, in a measure, express the purpose sought to
be accomplished by the Legislature in the enactment of
these new provisions in the Criminal Code of 1912. Where,
as in the crime of grand larceny, the statute fixed a mini-
mum and a maximum sentence, the trial court had no dis-
cretion to fix a greater minimum or less maximum sen-
tence than that which the statute prescribed.  Miller v.
State, 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109; Terry
v. Byers, 161 Ind. 360, 68 N. E. 596; In re Duff, 141 Mich.
623, 105 N. W. 138."

In *Territory* v. *Armstrong,* 22 Haw. 526, 536, this court
held that the maximum penalty fixed by the statute
"enters into and becomes a part of the sentence, as though
incorporated therein, notwithstanding any statement in
the sentence to the contrary."

The punishment for the crime for which the defendant
in the instant case was convicted as prescribed by law,
prior to the adoption of the Indeterminate Sentence Act,
was imprisonment for life or for a term of years not less
than twenty.  To meet just such a situation the legisla-
ture, after saying that the court shall not in imposing
sentence fix the limit or duration of sentence, and that the
term of imprisonment of a person convicted shall not
exceed the maximum nor be less than the minimum term
prescribed by law, has expressly provided that "in all
cases in which the maximum sentence in the discretion of
the court may be life or any number of years, the court
imposing sentence *shall fix the maximum* sentence."  In
the case at bar it clearly was not within the province of
the court to fix the limit or duration of the sentence. The
law itself had fixed the minimum sentence, viz., not less
than twenty years, and the sole duty of the court was to

fix the maximum sentence at either life or for any number of years not, of course, less than the prescribed minimum. To construe the statute otherwise would be to defeat the very purpose of the Indeterminate Sentence Act and to prevent the imposition of an indeterminate sentence. This construction is in keeping with the weight of the authorities, the only authority to the contrary that we have discovered being the case of *People* v. *Vitali,* 156 Mich. 370, 120 N. W. 1003, in which the court held that where life imprisonment is imposed by the court under a statute authorizing either life imprisonment or any term of years, no maximum or minimum term need be fixed as required by the indeterminate sentence law of Michigan. The reasoning, however, in the Michigan case is hardly applicable to this Territory, for the indeterminate sentence law there differs in some respects from that of this Territory.

In the instant case it perhaps might be urged that, in imposing the sentence it did, the court in effect did nothing more than fix the maximum sentence of defendant at life imprisonment, and that the sentence imposed is virtually one of not less than the minimum of twenty years nor more than the maximum of life. Be that as it may, the case is not here on exceptions, writ of error or *habeas corpus,* but by reserved questions, under which the trial court is merely seeking guidance in the matter of practice. We therefore confine ourselves to answering the reserved questions categorically. Questions 1 and 2 are answered in the negative and question 3 in the affirmative.

*A. G. Correa,* Deputy County Attorney of Hawaii (*W. H. Beers,* County Attorney of Hawaii, with him on the brief), for the Territory.

*J. W. Russell* (also on the brief) for defendant.