PEOPLE v MEANS

1. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—INSPECTION—
   APPEAL AND ERROR.

   The appropriate remedy for denial by the trial court of a motion
   to allow appellate counsel access to a presentence report, if it is
   asserted that a right to such access exists and that access to the
   report is necessary to prepare an appeal properly, is by filing
   an appropriate motion in the Court of Appeals.

2. CRIMINAL LAW—SENTENCE—VACATING SENTENCE—PRESENTENCE
   REPORT.

   Denial of a post-sentence motion to produce the presentence
   report for examination does not entitle a defendant to have his
   sentence vacated.

3. CRIMINAL LAW—SENTENCE—JUDGE'S REMARKS.

   There was no error in the manner in which a trial court adminis-
   tered a defendant's sentence where the court explained the
   reason for imposing a substantial prison term as the nature of
   the crime itself, and where it could be inferred from the court's
   remarks that variations between defendant's sentence and the
   sentences received by several other defendants convicted of the
   same offense were based in large part on the court's determina-
   tion as to the degree of participation and culpability of the
   several defendants (MCLA 769.8).

Appeal from Muskegon, Charles A. Larnard, J.
Submitted Division 3 April 4, 1973, at Grand
Rapids. (Docket No. 13308.) Decided September 25,
1973.

Leon Means was convicted, on his plea of guilty,
of unarmed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 331, 583 *et seq.*
  23 Am Jur 2d, Depositions and Discovery §§ 33, 308, 313.
[3] 21 Am Jur 2d, Criminal Law § 533 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *M. Dale Render,* Assistant Prosecuting Attorney, for the people.

*Fredric F. Balgooyen,* for defendant on appeal.

Before: HOLBROOK, P. J., and T. M. BURNS and CHURCHILL,* JJ.

CHURCHILL, J. Defendant Means was convicted by a plea of guilty of robbery unarmed, contrary to MCLA 750.530; MSA 28.798, and received a sentence of 10 to 15 years. On appeal he claims all manner of error in connection with the way his sentence was determined and announced.

This defendant was one of the three participants in the crime who pled guilty to the same charge and were sentenced at the same time. His sentence was 10 to 15 years. The other two received minimum sentences of 6 and 12 years. One other participant in the crime was convicted by jury trial of robbery armed and received a sentence of 18 to 25 years.

His trial counsel did not ask to see a copy of the presentence report. Several months after being sentenced his appellate counsel moved the trial court to grant access to the report. This motion was denied. It is unnecessary for us to determine if his appellate counsel had a right to examine the report. If it was asserted that such a right existed and further, that access to the report was necessary to properly prepare an appeal, the appropriate remedy would have been to seek it by filing an appropriate motion in the Court of Appeals, just as would have been done, for example, if the trial court denied appellate counsel access to the circuit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court file. It is our determination that denial of a postsentence motion to produce the presentence report for examination does not entitle the defendant to have his sentence vacated, which is the relief sought by reason of the alleged error.

The defendant's claim that a 10- to 15-year sentence for robbery unarmed constitutes cruel and unusual punishment is equally without merit. See, *People v Gunn,* 34 Mich App 106; 190 NW2d 793 (1971), and the cases cited therein.

The last sentence of the indeterminate sentence statute, MCLA 769.8; MSA 28.1080, which is quoted in full in *People v Moore,* 40 Mich App 383, 386; 198 NW2d 775, 777 (1972), requires the sentencing judge to state certain facts on the record at the time of sentencing. We do not find that any sentence has been vacated on appeal for failure to comply with this rather ambiguously expressed requirement. In *People v McFarlin,* 389 Mich 557, 570; 208 NW2d 504, 511 (1973), it is suggested that the purpose of this requirement has been supplanted, in part at least, by the presentence report. In any event the court did explain the reason for imposing substantial prison terms, which was the nature of the crime itself. The entire record of the several cases discloses that the offense included the pistol-whipping of a nonresisting elderly couple in their home. It may be inferred from the court's remarks that variations in sentences were based in large part on the court's determination as to the degree of participation and culpability of the several robbers. We find no error in the manner in which the court administered the defendant's sentence.

The defendant claims that the court abused its discretion, denied him equal protection of the law, and denied him due process by making an undis-

closed factual determination with respect to the degree of the defendant's participation and that this error was aggravated because the sources of information taken into consideration by the court were undisclosed. Without doubt a principal source of information available to the court was the presentence report. As already stated, timely requests for it were not made to either the trial court or to this Court. The court was probably influenced by testimony heard at the above-mentioned jury trial. The defendant had two opportunities to tell his version to the court, once when he pled guilty and again when he was sentenced. He unquestionably had the opportunity to communicate information to the court through the probation officer. In any event the court's factual determination with respect to details of the crime and his discretion in determining the minimum prison sentence to be imposed are not subject to appellate review.

The conviction and sentence are affirmed.

All concurred.