PEOPLE v SHIRLEY JOHNSON

1. Criminal Law—Sentencing—Legislature—Length of Sentence
   —Courts—Sentencing Discretion—Statutes.

   The Legislature has the exclusive power to determine the length
   and place of imprisonment for a criminal offense, and the trial
   court's discretion to sentence is confined to the Legislature's
   statutory grant of authorization.

2. Criminal Law—Sentencing—Felony Offenders—County Jails
   —Probation—Statutes.

   A trial court has the authority to sentence a felony offender to
   serve up to one year in a county jail where such sentence is not
   made a part of probation (MCLA 750.506, 769.28, 771.3; MSA
   28.774, 28.1097[1], 28.1133).

Appeal from Kalamazoo, Robert L. Borsos, J. Submitted March 3, 1977, at Detroit. (Docket No. 27170.) Decided March 31, 1977.

Shirley A. Johnson was convicted, on her plea of guilty, of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*DeVries & Lamb, P. C.,* for defendant.

Before: D. E. Holbrook, P. J., and Bashara and W. F. Hood,* JJ.

Reference for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 525–530, 533.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was charged with and pled guilty to the offense of larceny in a building, contrary to MCLA 750.360; MSA 28.592. The maximum penalty for this offense is imprisonment for four years. On November 3, 1975, defendant was sentenced to a term of one year in the county jail. Defendant does not challenge the validity of her plea conviction, but challenges this sentence as being outside the authority of the trial court.

The trial court has sentencing authority by virtue of statutory authorization, MCLA 769.1; MSA 28.1072. The Legislature has the exclusive power to determine the length and place of imprisonment and the trial court's discretion is confined to the Legislature's statutory grant of authorization. *In re Callahan,* 348 Mich 77; 81 NW2d 669 (1957). Our task herein is to determine if the trial court had the authority to sentence defendant to the county jail for one year upon conviction of this felony offense.

Various Michigan statutes authorize the trial court to commit a felony offender to the county jail rather than to the state correctional facilities. MCLA 771.3; MSA 28.1133 provides that as a condition of probation the court may require the petitioner to be imprisoned in the county jail for a period not to exceed six months.[1] MCLA 750.506; MSA 28.774 provides that if the felony offender is a first offender the court may sentence such person to a term not exceeding six months in the county

[1] MCLA 771.3; MSA 28.1133, provides in pertinent part:

"As a condition of probation, the court may require the probationer to be imprisoned in the county jail or the house of correction for not more than 6 months."

jail.[2] These two statutes would seem to indicate a legislative policy not to allow felony offenders to serve more than six months in the county jail. However, MCLA 769.28; MSA 28.1097(1) provides:

"Notwithstanding any provision of law to the contrary, in case of the commitment or sentence of any persons convicted of crime or contempt of court to imprisonment for a maximum of 1 year or less, such commitment or sentence shall be made to the county jail of the county in which such person was convicted or to the Detroit house of correction, and not to a state penal institution."[3]

We feel we must construe these statutes as consistent with each other, if possible.

This Court in two decisions not requiring comment on MCLA 769.28; MSA 28.1097(1), nevertheless has come to two different conclusions regarding this statute. In *People v Biniecki,* 35 Mich App 335, 337; 192 NW2d 638 (1971), this Court said: "MCLA 769.28; MSA 28.1097(1) has no application here. It applies by its very terms to offenses which carry a maximum penalty of one year or less." However, in *People v Leonard,* 51 Mich App 368, 370; 214 NW2d 888 (1974): "MCLA 760.28; MSA 28.1097(1), provides that the commitment of any person for a crime to imprisonment for a maximum of one year or less, should be made to the county jail of the county in which such person was

---

[2] MCLA 750.506; MSA 28.774, provides:

"Whenever any person shall be convicted of a first offense herein declared to be a felony, punishable by imprisonment for a term of not more than 5 years, the court may instead of imposing the sentence provided, sentence such convicted person to the county jail for a period not to exceed 6 months."

[3] This statute formerly read as follows:

"Notwithstanding any provision of law to the contrary, in case of the commitment of a convicted defendant to imprisonment for a maximum of 1 year or less, such commitment shall be made to the county jail of the county or to the Detroit house of correction, and not to a state penal institution." 1953 PA 119.

convicted." We think *Leonard* was correct and that the trial court may commit a defendant to a term of one year in the county jail. Were this not so, the trial court would then be prohibited from sentencing any felony defendant to a term of greater than six months up to one year in the county jail. We find no legislative intent to this effect. Indeed, this construction of the statute would force the trial court to either commit a defendant to six months or less in the county jail or to greater than one year in prison, with no between sentence possible. This obviously would result in more disparate sentences and would also result in defendants who should go only to a county jail being sentenced to prison and may even result in some defendant who should go to jail for a longer sentence than six months only receiving a light six months sentence when more is actually required. We think that MCLA 771.3; MSA 28.1133, announces a policy of limiting the combination of jail and probation to a maximum of six months in jail. Also MCLA 750.506; MSA 28.774, announces a legislative policy designed to encourage trial courts to sentence first-time offenders to no more than six months in the county jail for many felonies. At the same time, MCLA 769.28; MSA 28.1097(1), authorizes the sentencing of those convicted of various felonies to the county jail for up to one year, particularly when the felon is a first-offender, and, furthermore, requires, in conjunction with MCLA 771.3; MSA 28.1133, that a sentence exceeding six months be not part of probation.

The trial court, therefore, did have authority to sentence defendant herein to one year in the county jail, where such sentence was not made a part of probation.

Affirmed.