PEOPLE v HAYMOND

CRIMINAL LAW—SENTENCING—STATE PENAL INSTITUTIONS—COUNTY
   JAILS—STATUTES.

   A defendant convicted of larceny in a building, wherein the
   maximum penalty prescribed by statute is four years in the
   state prison and/or a $2,000 fine, where his sentence is for one
   year or less, shall be sentenced to confinement in the jail of the
   county in which he was convicted or to the Detroit house of
   correction and not to a state penal institution (MCLA 750.503,
   769.28; MSA 28.771, 28.1097[1]).

Appeal from Kalamazoo, Robert L. Borsos, J.
Submitted March 8, 1977, at Lansing. (Docket No.
30783.) Decided March 31, 1977.

Arthur Haymond was convicted, on his plea of
guilty, of larceny in a building. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald A. Burge,*
Prosecuting Attorney, and *Stephen M. Wheeler,*
Chief, Appellate Division, for the people.

*DeVries & Lamb, P. C.,* for defendant.

Before: QUINN, P. J., and BRONSON and M. J.
KELLY, JJ.

QUINN, P. J. Defendant was charged with break-
ing and entering, MCLA 750.110; MSA 28.305. He
pleaded guilty to an added count of larceny in a
building, MCLA 750.360; MSA 28.592. He was

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 534.
50 Am Jur 2d, Larceny §§ 178, 179.

sentenced to one year in the county jail. His appeal raises one issue:

"Where a defendant has been convicted of larceny in a building, wherein the statutorily described penalties are a maximum of four (4) years in the state prison and/or a $2,000 fine, is a sentence to the county jail for a period of one (1) year made without authority and therefore void?"

MCLA 750.360; MSA 28.592 states that the offense of which defendant stands convicted is a felony but prescribes no penalty. In this situation, MCLA 750.503; MSA 28.771 controls and prescribes:

" * * * shall be punished by imprisonment in the state prison for not more than four [4] years or by a fine of not more than two thousand [2,000] dollars, or by both such fine and imprisonment."

However, MCLA 769.28; MSA 28.1097(1) provides:

"Notwithstanding any provision of law to the contrary, in case of * * * sentence of any persons convicted of crime * * * to imprisonment for a maximum of 1 year or less, such * * * sentence shall be made to the county jail of the county in which such person was convicted or to the Detroit house of correction, and not to a state penal institution: * * * ."

The sentence was proper, *In re Lemire,* 360 Mich 693; 105 NW2d 37 (1960).

Defendant's reliance on *People v Biniecki,* 35 Mich App 335; 192 NW2d 638 (1971), is misplaced. The case is inapposite and the language relied on in that opinion is dictum which we decline to consider.

Affirmed.