PEOPLE v BARFIELD

Docket No. 66202. Decided November 2, 1981. On application by the
defendant for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, vacated a revised sentence and rein-
stated the original sentence.

Woodrow Barfield was convicted on his plea of guilty in Record-
er's Court of Detroit, John R. Murphy, J., of assault with intent
to rob while armed, and was sentenced to three years of
probation. On August 13, 1975, the Recorder's Court of Detroit,
Dalton A. Roberson, J., found the defendant guilty of violating
his probation and sentenced him to one year in the Detroit
House of Correction without mention of further probation, but
on October 27, 1975, the trial court entered an order continuing
him on probation until March 1, 1977, and the defendant was
released. On January 22, 1976, the defendant was convicted on
his plea of nolo contendere in Recorder's Court of Detroit,
Henry L. Heading, J., of first-degree criminal sexual conduct,
and was sentenced to life in prison on that conviction. The trial
court in the assault case found the defendant guilty of violating
his probation as a result of his conviction of the sexual offense
and sentenced him to 66 to 100 years in prison, to run consecu-
tively with his sentence for the sexual offense, and denied his
motion for resentencing. The Court of Appeals, Bashara, P.J.,
and N. J. Kaufman and R. M. Maher, JJ., denied the defen-
dant's application for delayed appeal (Docket No. 51233). The
defendant applies for leave to appeal.

In a unanimous per curiam opinion, the Supreme Court *held:*

The sentence of 66 to 100 years in the assault case must be
vacated. Once the original and valid sentence of one year in the
Detroit House of Correction with no further provision for
probation was imposed the court did not have the power to
release the defendant, nor could the court order that the
defendant be continued on probation at a later date. The court
had no power at that time to vacate the sentence because the
authority over the prisoner had passed out of his hands by his
own order. The trial court cannot set aside a valid sentence and
impose a new and different one after the defendant has been
remanded to jail to await the execution of the sentence. The

efforts to continue the defendant's probation and to resentence him were a nullity.

The defendant's sentence of one year is reimposed, to be concurrent with his sentence for first-degree criminal sexual conduct.

Woodrow Barfield, *in propria persona.*

PER CURIAM. The question to be decided in this case is whether a defendant who is first placed on probation and is subsequently sentenced to jail for a violation of the conditions of probation, with no record evidence of an intent to continue the probation at the time of the jail sentence, may thereafter be continued on probation and be given a second sentence of incarceration upon a finding of another probation violation. We answer the question in the negative.

I

On February 11, 1974 the defendant pled guilty to a charge of assault with intent to rob while armed contrary to MCL 750.89; MSA 28.284. On March 1, 1974 he was sentenced to three years of probation. In August 1975 defendant was found to have violated the conditions of his probation and he was sentenced to one year in the Detroit House of Correction. There is no evidence in this record that the one-year sentence was a condition of probation. On October 27, 1975 the trial court entered an order continuing the defendant on probation until March 1, 1977. On October 28, 1975 the court which had sentenced the defendant to one year in jail ordered his release.

On November 8, 1975 the defendant engaged in sexual intercourse with his 13-year-old daughter. He pled nolo contendere to a charge of first-degree criminal sexual conduct contrary to MCL 750.520b;

MSA 28.788(2) on January 22, 1976. He received a sentence of life imprisonment for this conviction on February 12, 1976.

On February 13, 1976 the court which had originally sentenced the defendant to three years of probation for the assault with intent to rob while armed conviction (and which had entered the other orders recounted *supra),* revoked defendant's probation on the basis of the criminal sexual conduct conviction and sentenced him to 66 to 100 years in prison "consecutively to whatever sentence you receive from Judge Heading". The Court of Appeals affirmed.

## II

In April 1980 the defendant filed a motion for an evidentiary hearing and to vacate sentence or resentence with regard to the term of 66 to 100 years. The motion was denied by order dated April 18, 1980. The Court of Appeals denied the defendant's application for leave to appeal.

## III

We conclude that the sentence of 66 to 100 years in prison must be vacated. Once the original and valid sentence of one year in the Detroit House of Correction was imposed the court did not have the power to release the defendant, nor could the court order that the defendant be continued on probation at a later date. In *People v Meservey,* 76 Mich 223; 42 NW 1133 (1889), the defendants had pled guilty to a charge of burglary and were sentenced to terms of five years in prison. On the following day they were brought back into court. The trial judge vacated the sentences and resentenced each of them to longer terms. In setting aside the longer terms we stated:

"We also think that the original sentences had gone into effect, and that one day of the imprisonment at Jackson, under the sentences, had passed at the time the order was made vacating them. The circuit judge had no power at that time to vacate the sentences, because the authority over the prisoners had passed out of his hands by his own order." 76 Mich 226.

In the case of *In re Richards,* 150 Mich 421; 114 NW 348 (1907), we also stated:

"We have held that a trial court cannot set aside a valid sentence and impose a new and different one, after the defendant has been remanded to jail to await the execution of the sentence." 150 Mich 426.

See also *People v Chivas,* 322 Mich 384; 34 NW2d 22 (1948).

The trial court's efforts to continue the defendant's probation and to resentence him were a nullity.

## IV

Accordingly, pursuant to GCR 1963, 853.2(4) in lieu of granting leave to appeal, we vacate the defendant's sentence of 66 to 100 years and we reinstate the originally imposed sentence of 1 year. We note that the defendant has been incarcerated with relation to this offense for approximately two months in 1975 and since February 1976. The one-year term is to be concurrent with the defendant's life sentence for first-degree criminal sexual conduct.

Coleman, C.J., and Kavanagh, Williams, Levin, Fitzgerald, Ryan, and Blair Moody, Jr., JJ., concurred.