PEOPLE v WILSON

Docket No. 52240. Submitted October 6, 1981, at Lansing.—Decided December 15, 1981.

Jacqueline Wilson was found guilty by a jury in Genesee Circuit Court of larceny in a building and was sentenced to prison for 16 to 24 months, Ollie B. Bivins, Jr., J. After defendant had begun serving her sentence, the trial court realized that it had incorrectly sentenced defendant to a maximum term less than that required by statute. The court thereupon revised the sentence to a maximum term of 48 months and a minimum of 32 months. Defendant appeals. *Held:*

1. The original minimum sentence was fixed in accordance with the rule which limits minimum sentences to no more than two-thirds of the maximum sentence. The sentence in this case may be viewed as an integrated whole, the minimum sentence actually being a function of the maximum sentence. The minimum sentence was so closely related to the incorrect maximum sentence that the trial court was not precluded from changing the minimum sentence when it changed the maximum sentence.

2. The trial court did not abuse its discretion by refusing to reread the cross-examination testimony of a witness where the jury requested that witness's direct testimony be reread and the testimony on direct and cross-examination was not in direct conflict.

Affirmed.

M. J. Kelly, J., dissented. He would hold that the original minimum sentence was valid and that it was error for the trial court to increase it just because the incorrect maximum sentence had to be increased. He would reinstate the defendant's original minimum sentence.

References for Points in Headnotes
[1, 4, 6, 8] 21 Am Jur 2d, Criminal Law §§ 580, 581.
[2, 3, 7] 21 Am Jur 2d, Criminal Law § 595.
[5] 76 Am Jur 2d, Trial § 1043
[7] 21 Am Jur 2d, Criminal Law § 542.
[8] 50 Am Jur 2d, Larceny § 178.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING.

A valid sentence, once imposed, cannot be changed by the trial court after the defendant has begun serving time; however, it is entirely proper for a trial court which erroneously imposed a lesser maximum sentence than required by statute to correct the error by increasing the sentence to the statutory maximum.

2. CRIMINAL LAW — SENTENCING — MINIMUM SENTENCES.

It is perfectly permissible to impose a minimum sentence which is less than two-thirds of the maximum sentence.

3. CRIMINAL LAW — SENTENCING — MINIMUM SENTENCES — TWO-THIRDS RULE.

A minimum sentence cannot exceed two-thirds of the maximum term imposed.

4. CRIMINAL LAW — SENTENCING — MINIMUM SENTENCES.

A trial court did not err in raising a valid minimum sentence to correspond to the two-thirds rule where the maximum sentence was necessarily increased to conform to the maximum sentence required by the applicable statute and it was apparent that the original minimum sentence was fixed in accordance with the two-thirds rule.

5. TRIAL — JURY — REREADING OF TESTIMONY.

A trial court has discretion in determining whether testimony will be reread upon jury request and to what extent the testimony will be reread; thus, a trial court was not obliged to order a witness's entire testimony reread and, where the testimony on direct and cross-examination was not in conflict, the court did not abuse its discretion by refusing to reread the cross-examination testimony.

DISSENT BY M. J. KELLY, J.

6. CRIMINAL LAW — SENTENCING.

*A trial court generally cannot change a valid sentence once it has been imposed; an exception is where the court errs by sentencing a defendant to a maximum term which is less than that required by the sentencing statute.*

7. CRIMINAL LAW — SENTENCING.

*A sentencing court has no discretion in the matter and is required to sentence a convicted criminal defendant to a maximum sentence established by statute; however, the fixing of a minimum sentence is left to the sentencing court's discretion so*

*long as the sentence complies with the indeterminate sentencing statute and the rule that a minimum sentence cannot exceed two-thirds of the maximum sentence (MCL 769.8; MSA 28.1080).*

8. LARCENY — LARCENY IN A BUILDING — SENTENCING.

   *A one-year minimum sentence for the crime of larceny in a building is valid.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Mark C. Wawro,* for defendant on appeal.

Before: ALLEN, P.J., and M. J. KELLY and J. J. KELLEY,* JJ.

ALLEN, P.J. May a trial judge raise the minimum sentence first imposed upon defendant when the maximum sentence first imposed upon defendant is increased to conform to the maximum sentence set forth in the applicable statute? This question of first impression arises upon the following facts.

Following a two-day trial, defendant was found guilty by jury of larceny in a building, MCL 750.360; MSA 28.592. On April 18, 1980, defendant was sentenced to prison for a minimum term of 16 months and a maximum term of 24 months. Subsequently, the trial judge realized that the 24-month maximum sentence was in violation of MCL 750.503; MSA 28.771, which provides for a maximum sentence of 48 months. On April 24, 1980, after defendant had begun serving her sentence, the trial judge, in an effort to correct the error,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

changed the sentence imposed to a maximum of 48 months and a minimum of 32 months. Defendant appeals of right, raising two issues.

Defendant first argues that since she had commenced serving her sentence before the change was made, the trial court was prohibited from increasing the sentence.[1] A valid sentence once imposed cannot be changed by the trial court after a defendant has begun serving time. *People v Meservey,* 76 Mich 223; 42 NW 1133 (1889), *People v Chivas,* 322 Mich 384, 395-396; 34 NW2d 22 (1948), *People v John Williams,* 65 Mich App 531, 533-534; 237 NW2d 545 (1975), Anno: *Power of trial court to change sentence after commitment or payment of fine,* 168 ALR 706. However, it is entirely proper for a trial judge who has erroneously imposed a lesser maximum sentence than required by statute to correct the error by increasing the sentence to the statutory maximum. *In re Pardee,* 327 Mich 13; 41 NW2d 466 (1950), *cert den* 339 US 961 (1950), *People v Coffman,* 45 Mich App 480, 490; 206 NW2d 795 (1973). The problem in the instant case is that while the maximum sentence imposed was invalid, the minimum sentence of 16 months was not facially invalid. It is perfectly permissible to impose a minimum sentence which is less than two-thirds of the maximum sentence. Indeed, this Court has upheld sentences of one year in the county jail for the crime of larceny in a building. *People v Haymond,* 74 Mich App 632; 255 NW2d 3 (1977), *People v Shirley Johnson,* 74 Mich App 652; 255 NW2d 4 (1977).

[1] After this opinion was written, but before it was released, the Supreme Court handed down its decision in *People v Barfield,* 411 Mich 700; 311 NW2d 724 (1981). The Court in that opinion applied the general rule, which we do not question, that valid sentences, once imposed, cannot be altered by the trial court. Here, where the initial sentence was invalid, a different question is presented.

Defendant concedes that the trial court had authority to change the invalid maximum sentence but argues the court had no authority to change the valid minimum sentence. As noted earlier, the issue raised is of apparent first impression. The legality of increasing defendant's minimum sentence depends upon whether the sentence first imposed in this case is viewed as an integrated whole or is viewed as two separate parts. If the sentence is viewed as consisting of two separate parts—a maximum and a minimum—then an illegal maximum would not render an otherwise legal minimum invalid. Obviously, defendant interprets the sentence as two separate parts. We are not persuaded.

It clearly appears to us that in the instant case the judge applied the rule of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), in setting the minimum sentence. The *Tanner* rule states that the greatest minimum sentence a defendant can receive is two-thirds of the statutory maximum period. When the trial judge thought 24 months was the maximum, he set the minimum at two-thirds, so the minimum sentence was 16 months. When he learned that 48 months was the maximum, the *Tanner* rule was applied and the minimum sentence became 32 months. The minimum sentence was not only closely integrated to the maximum sentence, it was actually a function of the maximum sentence. There is no evidence in the record to support the position that the judge used his discretion in initially setting the minimum sentence at 16 months. Sixteen months was chosen because the judge applied the *Tanner* rule to an invalid maximum sentence.

We do not intend to go so far as to hold that every sentence first imposed is to be viewed as an

integrated sentence thus allowing changes in both the minimum and maximum. There well may be instances where, in imposing sentence, the trial court considered the maximum and minimum sentences separately.[2] We do hold, however, that on the facts before us, the 16-month minimum sentence clearly was so closely related to the incorrect maximum sentence that the trial court was not precluded from changing the minimum sentence when it changed the maximum sentence.

Our holding that a trial court may change the minimum sentence when it corrects the maximum sentence is supported by the Supreme Court's decision in *In re Pardee, supra.* In that case, defendant pled guilty and was sentenced to 10 years to 20 years in prison. After defendant had served two months of the sentence, the judge discovered that, because the defendant also had been charged as an habitual offender, the correct maximum sentence should have been 28 years. He then changed the maximum sentence to 28 years and the minimum sentence to 14 years. Defendant appealed, contending that the trial court could not increase the maximum term. In an opinion in which, though focusing on the trial court's ability to increase the maximum, the Supreme Court sustained both the corrected maximum and minimum term, the Court stated:

"Under the authority hereinbefore mentioned and by virtue of the statutes it became the duty of the trial court to sentence petitioner to a term of 14 to 28 years. It was not error to correct that which should have been

---

[2] For example, when a trial court violates *Tanner, supra,* by imposing a minimum sentence greater than two-thirds of the maximum, our Court has not held that the entire sentence is invalid, thus requiring the trial court to impose a new sentence. Instead, our Court has merely reduced the minimum sentence to conform with *Tanner. People v Reginald Harris,* 80 Mich App 228, 233; 263 NW2d 40 (1977).

done, even though petitioner was absent at the time of correction." *Pardee, supra,* 17-18.

Defendant raises a second issue. After the jury had deliberated for a while, the jurors requested to hear the testimony of Sharon Smith, who had testified that she saw defendant's hand in the victim's purse. The jury wanted to know where Smith was located in the lounge when she observed defendant's hand in the purse. The trial judge obliged the jury request by asking the court reporter to reread the witness's testimony as to the location she was at when she observed the incident. A portion of her testimony was then reread to the jury. No objection was raised by defense counsel nor did counsel request that the witness's testimony on cross-examination be read.

On appeal, defendant contends that, because there was testimony on both direct and cross-examination as to Smith's location, any consideration of the direct without the cross-examination testimony was prejudicial to defendant. A judge has discretion in determining whether testimony will be reread upon jury request and to what extent the testimony will be reread. *People v Howe,* 392 Mich 670, 675; 221 NW2d 350 (1974). A trial court is not obliged to order reread a witness's entire testimony. *Whitney v Day,* 100 Mich App 707, 712; 300 NW2d 380 (1980). Where the testimony on direct and cross-examination is not in direct conflict, a trial judge does not abuse his discretion in refusing to reread the cross-examination testimony. *People v Griffen,* 36 Mich App 368, 372; 194 NW2d 104 (1971). Examination of the transcript discloses no conflict in the testimony. Accordingly, we find no abuse of the trial court's discretion.

Affirmed.

J. J. KELLEY, J., concurred.

M. J. KELLEY, J. *(dissenting).* I respectfully dissent. It is well settled that once a valid sentence has been set, it cannot be changed by the trial court. *People v Meservey,* 76 Mich 223, 226; 42 NW 1133 (1889), *People v Johnson,* 60 Mich App 371, 373; 230 NW2d 438 (1975). An exception to this rule exists where the sentencing court errs by sentencing defendant to a maximum term less than that required by the sentencing statute. *In re Pardee,* 327 Mich 13, 17-18; 41 NW2d 466 (1950), *cert den* 339 US 961 (1950), *In re Duff,* 141 Mich 623, 625; 105 NW 138 (1905). The reason for this exception is that the sentencing court does not have any discretion in setting the maximum sentence. *Pardee, supra,* 17-18, *Duff, supra,* 624. The sentencing judge is required to sentence defendant to the maximum sentence established by statute. *Pardee, supra,* 17-18, *Duff, supra,* 625.

However, the converse is not true when sentencing defendant to a minimum sentence. Fixing a minimum sentence is left to the sentencing court's discretion so long as the sentence complies with MCL 769.8; MSA 28.1080 and the rule established in *People v Tanner,* 387 Mich 683, 690; 199 NW2d 202 (1972). *People v Means,* 49 Mich App 570, 573; 212 NW2d 288 (1973). A one-year sentence for the crime of larceny in a building is valid. *People v Haymond,* 74 Mich App 632, 633; 255 NW2d 3 (1977). Once a valid minimum sentence is imposed, I do not feel that the sentencing judge can change the sentence just because an incorrect maximum sentence was given. As a practical matter, a maximum sentence means little; the minimum is the vital sentence.

I do not find the majority's reliance on *Pardee, supra,* persuasive. In *Pardee,* defendant pled guilty

to uttering and publishing a forged check with the intent to defraud, MCL 750.249; MSA 28.446, and was sentenced as a third-time felony offender under MCL 769.11; MSA 28.1083. He was sentenced to 10 to 20 years imprisonment. Later, the trial court was required to resentence the defendant because the sentence did not meet the requirements of MCL 769.11; MSA 28.1083. Under the statute as it was written at the time, the trial judge was required to sentence the defendant to a term not less than the longest term nor more than twice the longest term prescribed by law for a first conviction of such offense. Pursuant to the statute, the trial judge was required to change both the minimum and maximum sentence given to defendant. The trial judge in *Pardee* did not have any discretion to set a lower minimum sentence as he did in this case.

The trial judge gave defendant a valid minimum sentence during the first sentencing procedure. While he was required to change the maximum sentence, he was not forced to change the minimum. Because the minimum sentence was valid, I would reinstate the defendant's original minimum sentence.